**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4305**

———————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

        v.

DONALD J. PRESCOTT,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Aiken.  Margaret B. Seymour, District Judge.
(1:10-cr-00588-MBS-1)

———————

Submitted:  September 13, 2011      Decided:  September 15, 2011

———————

Before AGEE, DAVIS, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Langdon D. Long, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant.  Winston David Holliday, Jr.,
Assistant United States Attorney, Columbia, South Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald J. Prescott appeals his conviction and fifty-seven month sentence imposed following his guilty plea to attempted possession with intent to distribute OxyContin. Counsel for Prescott has filed an Anders v. California, 386 U.S. 738 (1967) brief, certifying that there are no non-frivolous issues for appeal, but questioning whether Prescott's guilty plea was valid and whether the district court provided individualized reasoning for the sentence imposed. Prescott was informed of his right to file a pro se supplemental brief but did not do so. Finding no reversible error, we affirm.

Because Prescott did not move to withdraw his guilty plea in the district court, the colloquy is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002). Prior to accepting a defendant's guilty plea, a district court must address the defendant in open court and ensure he understands, among other things, the nature of the charge against him, the possible punishment he faces, and the rights he relinquishes by pleading guilty. Fed. R. Crim. P. 11(b)(1). The court must also ensure that a sufficient factual basis exists to support the plea, Fed. R. Crim. P. 11(b)(3), and that the plea is knowing and voluntary, Fed. R. Crim. P. 11(b)(2). Our review of the plea hearing transcript reveals no deficiencies in the colloquy conducted by the district court.

2

We thus conclude that the district court did not err in finding Prescott's guilty plea to be valid.

Counsel next challenges the adequacy of the explanation for Prescott's sentence. Because Prescott preserved his challenge to the sentence by arguing for a below-Guidelines sentence, our review is for an abuse of discretion. See United States v. Lynn, 592 F.3d 572, 583-84 (4th Cir. 2010). If the district court procedurally erred and thus abused its discretion, we must reverse unless the error is harmless. Id. at 585. "[A]n individualized explanation must accompany *every* sentence." Id. at 576.

Here, the district court imposed a sentence at the low end of the properly calculated Guidelines range. The district court explicitly stated that it considered the Guidelines, as well as the statutory sentencing factors. The court also adopted the undisputed facts in the presentence report and stated that it took into consideration the nature, circumstances, and seriousness of the offense, as well as Prescott's history and characteristics and the necessity for deterrence, treatment, and counseling. Accordingly, we conclude that the district court properly based its sentence on an individualized assessment of the facts of the case.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.

3

We therefore affirm the judgment of the district court. This court requires that counsel inform Prescott, in writing, of the right to petition the Supreme Court of the United States for further review. If Prescott requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Prescott. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4